and it looks like we are ready for the next case. It's Jacques Telcy v. United States. David Marcus is here for Telcy. Philip DeRosa is here for the government. And Mr. Marcus, are you ready to proceed? Yes, your honor. Thank you and may it please the court. My name is David Oscar Marcus and I am here for Jacques Telcy. Mr. Telcy was proceeding pro se in both the district court and in this court, he had filed his own briefs and I was appointed to file an additional brief and present oral argument today. And I'd like to address the very interesting issue of whether Mr. Telcy can file another habeas petition without permission after he was resentenced under the First Step Act. And the answer to that question of first impression in this court is yes. Now, the elephant in the on Friday that was joined by Judge Wilson. And I'm going to be spending a great deal of time discussing that case and hopefully distinguishing that case. No, your honor, it has not. Mr. Marcus, I thought the elephant in the room was that you showed up in your human form and not in a cat filter today. I am not a cat. I am not a cat, Judge Lagoa, thankfully. That was great yesterday. Maybe I should have said the cat in the room instead of the elephant in the room. But before I get to Armstrong, but let me let me address just some basics about the First Step Act and where we are. So, of course, the basic rule is that you cannot file a second or successive habeas petition without permission. And so the question is, what is defined as second or successive? And simply because it's filed simply because one has filed before doesn't mean that there's a second or second successive habeas petition. There's a long line of cases, both from the Supreme Court and in the circuit that analyzes whether the judgment challenged is in effect. In other words, if there's a new judgment, then yes, you can file a new habeas petition. And that's because you're challenging that judgment for the very first time. And by the way, that's true even if you're raising the same claims as before. And the Supreme Court said that in Magwood, the 11th Circuit in its Enbon case in Patterson, and importantly, in Insignaris in 2014, the 11th Circuit said when there's a reduction to a minimum mandatory, there you can file a second habeas petition because even where that judgment otherwise was left the same. So the question here is whether Telsey's resentencing under the First Step Act resulted in a new judgment. And the answer is yes. If you look at docket entry 140, that's the new judgment in this case. Was there a hearing, Mr. Marcus, or was there just a motion that was filed and the motion was granted? There was no hearing conducted by the district court, was there? No, Your Honor, there was no hearing under, in this case, Judge Demetrious did not hold a hearing. And it was discretionary, wasn't it, on the part of the district judge whether to grant the motion? Correct. Well, if that's the case, it seems more akin to a sentence reduction under 3582C or 35B, doesn't it? I don't think so, Your Honor, and I'll tell you why, because here what happened was, and by the way, it's not under 3582C2 like Armstrong was. This is a resentencing under 3582C1B, which is, of course, referring to the First Step Act. And in this case, even though resentencing under the First Step Act is discretionary, remember here that it changed the minimum mandatory. Telsey was looking at a mandatory life sentence the first time around. That was changed to a 10-year minimum mandatory. And so was the supervised release in this case. So under Armstrong and under those other 3582C2 cases, this court explained, you know, the district court's determination remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing. That's not true here, Judge Wilson. So unlike Armstrong, where the district court is constrained under 1B1.10B1, in those cases, it's a mechanical reduction. So guideline changes and in Armstrong and in other cases, it's a mechanical two-level or whatever the level reduction is, and nothing else can even be considered. Here under C1B, the other subsection, there's a lot of factors that can be considered, and that's how we're so different from Armstrong. Let me give a couple examples. So the first thing that has to be reconsidered is the minimum mandatory sentence in effect. So that's significant, by the way, because in Insignaris, the 11th Circuit case, the minimum mandatory changed and it was considered a restart. There's also other things at play. What are the new guidelines for count one in this case? Those change significantly. Do these guidelines affect the other counts? There was an argument in the papers about how the new guidelines were grouped and not grouped and whether those affected it. Where in the range should Telsey be re-sentenced? The government argued there should be a re-sentencing at the high end of the guidelines. The defense initially argued there should be a variance and then argued at the low end. Again, should there even be an upward or downward variance? That's at play here in Telsey's case and not in Armstrong's case. And finally, of course, the supervisor release term changed in Telsey's case from 10 years to eight years. To circle back, Judge Wilson, to your question, this is not a simple modification. It's not a mechanical reduction. There was quite a bit of discretion at play in Telsey's case and that's what led to the new judgment that's at issue here, the judgment being challenged here. And so I think those are the major differences between the Armstrong case, which was limited, and the wide open briefing and considerations that are at issue here in Mr. Telsey's case. Let's assume that that's true. So I think there's no reason to think that that's wrong, that's a difference. Why should that difference result in a different rule? How does that logic flow? Sure, Judge Brasher. So I think what we're trying to figure out here, this case is of course in the middle ground. It's not a habeas grant where there's a brand new full-blown sentencing, but it's also not a clerical change or a mechanical change like we had in Armstrong. This is somewhere in the middle, right? There's lots of discretion. So we're trying to figure out, is this closer to a mechanical change or a ministerial change like in Armstrong, or is this closer to a full-blown resentencing hearing? And because there's so much at play in this case, so many different considerations under the First Step Act that come into play at a resentencing, it seems so much more like a full-blown resentencing. Although I can see Judge Wilson back to his question that it's not, there's no hearing. But we have to say, is this closer to the full-blown resentencing or closer to the mechanical, without discretion, change? In this case, remember, there was lots of briefing back and forth and the district court in his order considered those things. Thank you, Ms. Tisa. That's true, by the way. Also, Judge Brasher, in the Denson case where this court considered lots of those factors in a First Step Act case, considered the 35-53 factors, age, family, recidivism, prison record. And this court said the district court had a broad grant of discretion to consider those things at a First Step Act sentencing. So the question though is whether the new judgment, which you're absolutely right, as a formal matter, there's a new judgment, whether that new judgment should be subject to a 22-55 that is not considered successive. But the 22-55 isn't necessarily limited to challenging issues regarding that new judgment. The 22-55 could go back and challenge the conviction, whatever. And so that's where I'm having difficulty following the logic is why does the plenary nature of the resentencing suggest that the defendant or the petitioner, I guess here, should be able to go back and challenge an initial 22-55? Sure. Fair question. And when I first started reading these questions, I had the very same question. But the cases are very clear on that from Magwood, which had the same exact challenges the second time around to Insignaris and so on. Once there's a new judgment, you can raise the same exact claims that have been raised and rejected before because the courts say that if there was an error made before, it's sort of reincorporated into that new judgment. So as if we find that your premise is correct, Judge Brasher, that this is a new judgment, then that restarts the clock and allows the habeas petitioner, for better or for worse, to re-raise those claims again. And I see my time is up. So unless there's another question, I think I'd like to reserve some time for rebuttal. Thank you, Mr. Marcus. We'll hear from Mr. DeRosa on behalf of the government. May it please the court, Philip DeRosa on behalf of the United States. None of these terms have legal definitions. Second or successive 22-55, new judgment, new sentence. The point here is that a new judgment under Magwood depends on whether a new sentence was imposed. And since the First Step Act does not permit a new full-blown de novo sentencing, but authorizes only a reduced sentence on the covered counts, it's not a new judgment. Mr. DeRosa, it's interesting that you use the word impose because the Fair Sentencing Act specifies that the court may, quote, impose a new sentence. Doesn't the use of the word impose indicate the difference between a Fair Sentencing Act proceeding and a 3582C modification? I don't think so, Your Honor. This is just another example of the use of a word that doesn't have a legal definition, impose. I mean, a lot of these arguments are kind of like the Red Queen in Alice in Wonderland who says, words mean whatever I say they mean. Impose just means to set out. It doesn't have a legal definition. But for example, in Rule 35 or in Section 3582, that language isn't used, correct? Impose. That's correct. So doesn't that suggest perhaps that the resentencing under the First Step Act would be then a new judgment? I don't think it does because the template for the First Step Act is 3582C, too. And that's been established by the Seventh Circuit's White decision, the Fifth Circuit's Jones opinion, and this circuit's recent opinion in Armstrong, all of which involve 3582C sentence reductions based on lower guidelines for drug offenses. Those cases definitively hold that a reduced or modified sentence under 3582C2 is not a new sentence and therefore not a new judgment for the purposes of Magwood. And what Mr. Marcus is trying to do is essentially argue that 3582C has no connection to the First Step Act. That's not because this court held in Denson that a First Step Act sentence reduction is a 3582C sentencing modification based on the First Step Act. Essentially, a First Step Act sentence is really a subset of Section 3582C sentences. And a district court is permitted to make a First Step Act reduction only because 3582C gives that court a grant of authority to modify and impose term of imprisonment. We're expressly permitted to do so by statute. 3582C is the procedural vehicle that permits the district court to modify the defendant's sentence under the First Step Act. And that's why Jones and White and Armstrong are the guiding cases here, the precedent. And what the government is asking you to do is to make the logical jump from Denson and Armstrong to hold that a reduced sentence under the First Step Act is not a new sentence for the purpose of Magwood, just like we said in Armstrong. And we'd love to see a published opinion making that point, holding that as well. Even if you believed that the First Step Act had no to 3582C, Kelsey's reduction under the First Step Act would not qualify as a new judgment for the purpose of Magwood independently of 3582C too. Because of the line of cases that the Supreme Court and this court have issued, both pre-Magwood and post-Magwood, in every case cited by the government and the defense, the principle of finality under AEDPA has been reflected in the fact that a second or successful 2255 will not be permitted unless the movement has had a successful challenge to an illegal sentence. Kelsey has never had a successful challenge to the illegality of a sentence, not in the state court, not in the federal district court, and not in this court. The reduction under the First Step Act did not result from a successful challenge to the illegality of his sentence. He didn't challenge his armed career criminal designation under the First Step Act because the First Step Act would not have permitted him to do so. He simply asked for a discretionary reduction under the First Step Act, a statute that this court has called an act of legislative grace. He didn't file a direct appeal from the district court's discretionary reduction, challenging the reduction as illegal. So he's never mounted a successful challenge to the illegality. And in his mind, the armed career criminal designation is what makes his sentence illegal. He's never mounted a successful challenge to that. But what he's done is used the First Step Act reduction as an excuse to file a 2255 so he could re-litigate arguments that have been rejected multiple times by the district court and this court and also to raise new arguments. And now he comes before this court, much like the Red Queen and Alice in Wonderland, and says, well, this is different because there wasn't really a mechanical change pursuant to the First Step Act. I don't know what a mechanical change in a sentence is. It seems to me that a mechanical change is a clerical change. There's never a mechanical change when the court has discretion. And even the First Step Act, when it lowered the guideline penalties, you still are presented with a range. So it's not a mechanical application because you still have to determine where in that range the sentence comes from. But just because you stand up and call something, this is not really a mechanical change. That's not what's going to guide your decision in this case. The bottom line here is he seeks to have his armed career criminal designation reviewed on its own merits in a full-blown de novo plenary resentencing, even though both the district court and this court have concluded that his armed career criminal challenges have no merit. Three times he's applied for a certificate of appealability to file another 2255, and he's been rejected every time. He should not be able to use the First Step Act as an excuse to do that. Mr. Grossi, I have a practical question for you that you might be able to shed some light on. So in this case, the district court didn't hold a hearing to impose this new sentence. I'm right Is that the way district courts have generally been treating these kinds of resentencings, or have they been holding hearings? And the reason I ask is because I think there is some discretion here about what the sentence should be. It's odd to me that the district court just didn't hold a hearing at all. Absolutely. I mean, you still have to apply 3553A to find out where in the range that's been lowered that the sentence should be imposed. But it's been my experience that courts virtually never hold live, you know, sentencing hearings to do this. They don't need to. A lot of times the sentence is agreed. A lot of times the government will agree that it should be at the low end of the guideline range. And since you're not bringing in new facts, you're only going back to see where the sentence would have been imposed if the First Step Act had been in place at that time. You really don't need any new information. All you need is the PSI and the 3553A factors that have already been discussed. So I don't really understand why a court would need to have a live re-hearing to determine that. And it's been my experience that they haven't done that at all. So generally, and correct me if I'm wrong, but if, you know, if the defendant got the high range, the high guideline range previously, and now he's up for a modification, they recalculate and they just give him the same high range under the new calculation. The same with the low range. You just kind of just move it down and give them something that they would have given him previously. That's what I've seen, Your Honor. Mr. Giroza, can I ask you a question? Was this I'm sorry, Your Honor. Was it pre-pandemic or post-pandemic? I mean, were they doing this before we weren't having hearings in person? Oh, yes, ma'am. When I'm talking about live hearings, I'm talking about pre-pandemic. I don't think they were having live hearings now, but of course, I guess in a sense, you can have a live hearing on Zoom, but whether it's Zoom or in the courtroom, they're just not having a re-hearing. They're doing it on the pleadings. Your Honor, unless you have any other questions, I don't have anything else to say. Thank you, Mr. Giroza. Mr. Marcus, you've reserved some time for rebuttal. Thank you, Judge Wilson, and may it please the court. I'd like to turn back to that question that Judge Brasher had about what courts are doing. Although I think most courts have not had in-person live hearings for the reasons that Judge Lagoa said, because for the past year we've been in the pandemic, courts can have those types of hearings. I think it's important to note that if a court does have a hearing and does consider all these things and then issues a new sentence, Mr. Giroza's arguments would fail. We don't want to have a rule where some first step back cases result in a restart of the clock and some don't. We need a bright rule. What does the First Step Act mean when there's a re-sentencing, whether it's on the papers or during a full-blown hearing? Even when it's on the papers, all of these considerations come into play under 3553. For example, the case that Mr. Giroza cites, the Denson case. In that case, the judge said that he wanted to consider on the papers recidivism, the person's original sentencing, the person's new, much older age, the fact that the family still backed the person up. All of these 3553 factors were in play, although on paper and not in person, and that resulted in a use of discretion to issue a new sentence. That's why, Judge Wilson, the use of the word impose is important. That's what happens under a First Step Act sentencing. A new sentence is imposed, and under Magwood, Insignaris, and the rest of the cases, that means it restarts to zero. Mr. Giroza says, well, what about the principle of finality? You shouldn't be able to re-litigate issues that have been litigated before. Well, he's just wrong. The cases certainly allow for that. In Magwood itself, the Supreme Court reversed this court on that exact idea. In this court, Magwood raised the same issues. The court said, you've already lost on those issues. He went to the Supreme Court, and the Supreme Court said, look, because it's a new judgment, you start over and you get to re-litigate those issues. It's a very narrow exception. I'd like to raise one other point before my time runs up, and that is not all 3582C sentences are the same. Armstrong, Jones, White, those cases are under 3582C2, a different subsection than the one we're under today. We're under 3582C1B, which is a different subsection. That's why Mr. Giroza, I think, gave a tell when he said, that's why we need a published opinion from this court. The reason is no court, not this court, no other court, has found the right answer, has answered it at all about what happens under a 3582C1B proceeding, a First Step Act proceeding. Does that restart the clock or not? If the case is like Armstrong, we lose. But if it's different enough from Armstrong, because it's under a different subsection, because of all the different factors that can be at play, it's not just the guideline change. Oh, he was at the high end before. We're going to have a new high end sentencing. The minimum mandatory has changed. The supervised release term has changed. The court can consider 3553. And Judge Brasher, this is really important because under the other cases, 3553 factors could not be considered. So under a 3582C2 sentence, the guidelines say absolutely not. You cannot consider the person's prison record, age, and so on. Under a First Step Act sentencing, under the other subsection, those things can be considered. And judges are considering them, whether it's in person or on paper, unfortunately, because of the pandemic. So I'd like to thank the court for appointing me to this very interesting issue. I believe that this case is very different from Armstrong, that there is quite a bit of discretion available to the district court. All these factors are at play. And therefore, the habeas clock should restart to zero. And I would ask that Thank you, Mr. DeRosa and Mr. Marcus. The court appreciates your accepting the appointment to represent Mr. Kelsey on this case. Thank you. Thank you. Thank you. Thank you both.